**KENTUCKY STATE POLICE PROFESSIONAL ASSOCIATION, Plaintiff,**

v.

**Chris GORMAN, as he is Attorney General of the Commonwealth of Kentucky, Defendant.**

**Civ. A. No. 94–56.**

United States District Court,
E.D. Kentucky.

Oct. 27, 1994.

Thomas W. Miller, Miller, Griffin & Marks, Lexington, KY, Errol Copilevitz, John P. Jennings, Jr., Copilevitz & Canter, Kansas City, MO, for plaintiff.

Robert V. Bullock, Wanda R. Delaplane, Attorney General's Office, Frankfort, KY, for defendant.

J. Alan Cox, Tallahassee, FL, for American Ass'n of State Troopers, Inc.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court upon cross motions for summary judgment. The Court having considered the record and heard oral arguments, the motions are ripe for consideration.

## FACTUAL BACKGROUND

The facts in this instant action, brought pursuant to 42 U.S.C. § 1983, are basically undisputed. The plaintiff, the Kentucky State Police Professional Association [the Association], challenges the constitutionality of K.R.S. § 367.667(3), a recent amendment by the Kentucky General Assembly to the Kentucky Consumer Protection Act, K.R.S. § 367.650–670 [the Act]. The plaintiff seeks a declaratory judgment that the statute violates the First and Fourteenth Amendments to the United States Constitution and a permanent injunction barring the enforcement of K.R.S. § 367.667(3).

The section of the Act challenged by the Association provides:

> The following acts and practices in the conduct of charitable solicitation shall be considered unfair, false, misleading or deceptive in violation of K.R.S. § 367.170:
>
> > 3. Representing when soliciting funds that a charity will be the recipient of the funds when the professional solicitor or his employer pursuant to a contract is allowed to or will receive more than fifty percent (50%) of the gross receipts of the funds solicited as his compensation. It shall be a defense in any action brought to enforce this paragraph for the professional solicitor to show that he disclosed in a clear and conspicuous manner to the prospective donor the percentage of the funds which he was allowed by contract to receive.

K.R.S. § 367.667(3). The plaintiff challenges this statute claiming that it violates the First and Fourteenth Amendments because it is overbroad and void for vagueness. The Court agrees.

## REQUIREMENTS FOR SUMMARY JUDGMENT

A "new era" for summary judgment practice has been ushered in as a result of three decisions handed down by the United States Supreme Court in 1986. *See Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). *Street* appraised the impact of the three cases, concluding with the following principles for summary judgment practice:

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case.

4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: "whether the evidence presents a sufficient dis-agreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

6. As on federal directed verdict motions, the "scintilla rule" applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.

7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."

9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the "old era" in evaluating the respondent's evidence. The respondent must "do more than simply show that there is some metaphysical doubt as to the material facts." Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is "implausible."

*Street*, 886 F.2d at 1479–80.

## DISCUSSION

In a trilogy of cases, the Supreme Court addressed the constitutionality of statutes similar to K.R.S. 367.667(3) which required professional fundraising solicitors to divulge to potential donors certain details about the financial arrangements between

themselves and their represented charities. *See Riley v. National Federation of the Blind of North Carolina, Inc.,* 487 U.S. 781, 108 S.Ct. 2667, 101 L.Ed.2d 669 (1988); *Secretary of State of Maryland v. Joseph H. Munson Co., Inc.,* 467 U.S. 947, 104 S.Ct. 2839, 81 L.Ed.2d 786 (1984); *Village of Schaumburg v. Citizens for a Better Environment,* 444 U.S. 620, 100 S.Ct. 826, 63 L.Ed.2d 73 (1980). The *Riley* Court, reviewing the Court's decisions in *Munson* and *Schaumburg,* held that:

> Our prior cases [*Munson* and *Schaumburg*] teach that the solicitation of charitable contributions is protected speech, and that using percentages to decide the legality of the fundraiser's fee is not narrowly tailored to the state's interest in preventing fraud. Despite our clear holding in *Munson* that there is no nexus between the percentage of funds retained by the fundraiser and the likelihood that the solicitation is fraudulent, the State defines, prima facie, "unreasonable" and "excessive" fee according to the percentage of total revenue collected.

*Riley,* 487 U.S. at 793, 108 S.Ct. at 2675–76 (citations omitted).

The challenged statute in the instant action, K.R.S. § 367.667(3), likewise, is unduly burdensome and not narrowly tailored to the state's interest in preventing fraud pursuant to the trilogy of cases decided by the Supreme Court. *See also Indiana Voluntary Fireman's Ass'n Inc. v. Pearson,* 700 F.Supp. 421 (D.C.Ind.1988). Further, the Court finds that there are less restrictive means of promoting the state's interest. For example, the state could require the solicitor to file a budget statement prior to beginning the campaign. Based upon that information the state could conduct a campaign through public service announcements informing the public of which charities would receive less than fifty percent (50%) of the gross receipts. Additionally, the unchallenged portions of the statute contain safeguards to protect the public.

Thus, K.R.S. § 367.667(3) violates the First Amendment and shall be stricken.

Accordingly,

IT IS HEREBY ORDERED:

(1) That the plaintiff's motion for summary judgment be, and the same hereby is, **GRANTED.**

(2) That the defendant's motion for summary judgment be, and the same hereby is, **DENIED.**

(3) That this matter be, and the same hereby is, **DISMISSED AND STRICKEN FROM THE ACTIVE DOCKET.**